IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01068-WJM-NRN

JOHN DOE, individually, and
RICHARD ROE, individually,

     Plaintiffs,

v.

COLORADO COMMUNITY COLLEGE SYSTEM, *et al.*,

     Defendants.

---

## DEFENDANTS' UNOPPOSED MOTION FOR RENEWED STAY OF DISCOVERY

---

Defendants file this unopposed motion for a renewed stay of discovery pending resolution of their Motion to Dismiss Plaintiffs' Second Amended Complaint (Doc. 75).

### CONFERRAL PURSUANT TO WJM REV. PRAC. STANDARDS III.D.1.

Counsel for the parties discussed the relief sought herein at the October 31, 2019, status conference with this Court. At the status conference, Plaintiffs' counsel represented that Plaintiffs do not oppose the relief sought herein.

### INTRODUCTION

Plaintiffs John Doe and Richard Roe bring suit for damages and injunctive relief following their May 2015 expulsion from Trinidad State Junior College ("School") for violating the School's code of student conduct. Plaintiffs were expelled for violating the School's sexual misconduct policies because they engaged in non-consensual sexual conduct with a female student. Plaintiffs allege claims for race-based discrimination under 42 U.S.C. § 1981, and for

1

declaratory and injunctive relief. Plaintiffs sue the Colorado Community College System ("System") and the School, as well as seven current and former employees.

Defendants filed a prior Motion to Dismiss, and on July 10, 2019, this Court dismissed Plaintiffs' Title IX and Section 1983 claims *with prejudice* and dismissed Plaintiffs' Section 1981 claim for race-based discrimination *without prejudice*. Doc. 58.[1] On August 9, Plaintiffs filed a motion for leave to file a Second Amended Complaint as to the Section 1981 claim. Doc. 61. Defendants opposed the amendments as futile. Doc. 64. Although this Court granted Plaintiffs leave to file their Second Amended Complaint, in its Order, the Court noted:

> The Court's ruling today finds only that the proposed second amended complaint may remedy the issues identified in [the] Order on the Motion to Dismiss. Today's ruling does not prejudge the specific issues raised by Defendants in their response opposing the Motion, or preclude Defendants from filing a motion to dismiss based on the issues raised.

Doc. 69, pp. 4-5.

Because Plaintiffs' amendments do not cure the defects previously raised by the Defendants, and now implicate Eleventh Amendment immunity, Defendants filed a Motion to Dismiss the Second Amended Complaint (hereinafter "Motion"). Doc. 75. In the Motion, Defendants raise both Eleventh Amendment and qualified immunity defenses, as well as failure to state a claim under F.R.C.P. 12(b)(6). *Id*. Because Plaintiffs' Second Amended Complaint does not overcome the immunity bar or meet the plausibility pleading standard, a renewed stay of discovery is necessary pending resolution of Defendants' Motion.

---

[1] This Court previously stayed discovery pending resolution of Defendants' prior Motion to Dismiss. Doc. 50. When this Court ruled on Defendants' prior Motion to Dismiss, it also lifted the discovery stay. Doc. 60.

**ARGUMENT**

I.     ***Ashcroft v. Iqbal* provides that the Court should stay discovery on all claims until the immunity defenses are resolved.**

Defendants filed their Motion because the entity Defendants and the individual Defendants, in their official capacities, are entitled to Eleventh Amendment immunity. What's more, the individual Defendants, in their individual capacities, are entitled to qualified immunity.

Because Defendants raise immunity defenses in their Motion, discovery should remain stayed. "Immunity provisions, whether qualified, absolute or pursuant to the Eleventh Amendment, are meant to free officials from the concerns of litigation, including avoidance of disruptive discovery." *Archuleta v. Archuleta*, No. 15-CV-02664-MSK-KMT, 2016 WL 1321599, at *1 (D. Colo. Apr. 5, 2016) (unpublished) (citations omitted). Courts have recognized qualified immunity "is both a defense to liability and a limited 'entitlement not to stand trial or face the other burdens of litigation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Essentially, it provides "immunity from suit, rather than a mere defense to liability." *See Siegert v. Gilley*, 500 U.S. 226, 232-33 (1991); *see also Sawyer v. County of Creek*, 908 F.2d 663, 665 (10th Cir. 1990), *overruled on other grounds by Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993).

The Supreme Court and the Tenth Circuit have recognized that discovery should not be allowed until the question of immunity is resolved. *See Siegert*, 500 U.S. at 231; *Sawyer*, 908 F.2d at 665; *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992); *Bella v. Chamberlain*, 24 F.3d 1251, 1259 n.10 (10th Cir. 1994). Indeed, the Supreme Court has stated that preventing discovery "[i]s especially important in suits where Government-official defendants are entitled to

3

assert the defense of qualified immunity. The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" *Iqbal*, 556 U.S. at 685 (quoting *Siegert*, 500 U.S. at 236); *see also Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) ("the [immunity] defense is meant to give government officials a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery") (quotation marks omitted).

Moreover, Defendants' immunity defenses involve this Court's subject matter jurisdiction. Because this Court's jurisdiction is in question, discovery should be stayed pending resolution of that question. *See Sandoval v. United States*, No. 11-CV-01533-REB-KLM, 2011 WL 3682768, at *2 (D. Colo. Aug. 23, 2011) (unpublished) (a stay of discovery may be appropriate and efficient during the pendency of a dispositive motion asserting a jurisdictional challenge).

In order to provide Defendants relief from the burdens of litigation while their Eleventh Amendment and qualified immunity defenses are resolved, a renewed stay of discovery and other litigation tasks is necessary.

## II.  This Court should also stay discovery until it has determined the plausibility of Plaintiffs' claims.

Defendants also move to dismiss the Second Amended Complaint because Plaintiffs have failed to state a claim upon which relief may be granted. Supreme Court and Tenth Circuit authority instructs that no discovery should be permitted until a court determines that a plaintiff's complaint meets the pleading standard under F.R.C.P. 8 such that it survives a motion to dismiss under F.R.C.P. 12.  In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Court explained that it had "the understanding that, before proceeding to discovery, a complaint must allege facts suggestive of illegal conduct." *Id*. at 563 n.8

4

(emphasis added). The Court noted that "it is only by taking care to require allegations that reach the level suggesting [illegal conduct] that we can hope to avoid the potentially enormous expense of discovery in cases with no 'reasonably founded hope that the [discovery] process will reveal relevant evidence.'" *Id*. at 559-60 (citing *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 347 (2005)).

Since *Twombly*, the Tenth Circuit has affirmed that a plaintiff is not entitled to discovery before the application of the Rule 8 pleading standard. *See, e.g., Slocum v. Corp. Express U.S. Inc.*, 446 F. App'x 957, 959-60, 2011 WL 5289022, *2 (10th Cir. Nov. 2, 2011) (unpublished) (agreeing with the district court that "[d]efendants should not be forced to conduct discovery" because plaintiff failed to make allegations sufficiently plausible to survive a motion to dismiss under Rule 12(b)(6)); *Jensen v. America's Wholesale Lender*, 425 F. App'x 761, 764, 2011 WL 2259641, *2 (10th Cir. June 9, 2011) (unpublished) (affirming district court's denial of discovery before dismissing a complaint and adopting the *Iqbal* pleading standard that the "doors of discovery" are not unlocked "for a plaintiff armed with nothing more than conclusions") (quoting *Iqbal*, 556 U.S. at 678-79); *Roth v. Wilder*, 420 F. App'x 804, 805, 2011 WL 1035728, *1 (10th Cir. Mar. 23, 2011) (unpublished) ("As the Supreme Court made clear in *Twombly*, however, Rule 12(b)(6) does not allow a plaintiff to file a complaint devoid of supporting facts as a vehicle to commence discovery on the off chance some facts might exist which could support a plausible claim.").

In light of this authority, this Court should renew the stay of discovery until it decides whether Plaintiffs' Second Amended Complaint is plausibly pleaded. A stay will protect Defendants from the expenses associated with "ginning up" the discovery process in a case

where the claims may ultimately be determined to be groundless. *Kan. Penn Gaming, LLC. v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011).

**III.      Finally, this Court should stay discovery as an exercise of the Court's discretion.**

This Court should also exercise its discretion to stay discovery based on the evaluation of the traditional stay factors. Courts generally consider five factors in determining whether to exercise their broad discretion to stay discovery. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv- 01934-LTB-PAC, 2006 WL 894955, *2 (D. Colo. Mar. 30, 2006) (unpublished). These factors are: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Id.*

Consideration of the *String Cheese* factors weighs strongly in favor of a stay. Plaintiffs will not be prejudiced by any further delay that may result if this Court stays discovery until the Court rules on Defendants' Motion.[2] Indeed, Plaintiffs agree to a renewed stay of discovery. Because this Court is now familiar with the background facts of this case, and Plaintiffs' claims for relief have been reduced to two claims, Defendants anticipate the Court will not require as much time to resolve the pending Motion. Thus, the resolution of Defendants' Motion should not cause a lengthy delay.

Conversely, Defendants will be harmed if this Court allows discovery to proceed while their Motion is pending. If a stay is not renewed, Defendants will be forced to proceed with

---

[2] Defendants note that some initial discovery has been completed. The parties exchanged initial disclosures, including documents, prior to this Court's grant of the initial stay.

discovery before they have filed an answer and asserted any affirmative defenses. The parties

will waste time, energy, and taxpayer money on discovery.

As to the convenience of this Court, a continued discovery stay will also promote judicial

economy. This Court will not be burdened with spending time and resources on discovery

management and potential discovery disputes when Defendants' Motion may dispose of the

entire case. *See Namoko v. Milgard Mfg., Inc.*, No. 06- cv-02031-WDM-MEH, 2007 WL

1063564, *1 (D. Colo. April 6, 2007) (unpublished) ("a stay may be appropriate if resolution of a

preliminary motion may dispose of the entire action") (internal quotations omitted).

Finally, the interests of non-parties and the public in general will not be compromised if

discovery is deferred until this Court resolves Defendants' Motion.  Discovery in this case will

involve sensitive issues, potentially impacting the privacy rights of non-parties, such as Ms. Poe

and other students. A stay will avert this invasive discovery. Further, avoiding wasteful efforts

by this Court serves the public's interest. *See Harper v. City of Cortez, Colorado*, No. 16-CV-

03102-LTB-KMT, 2017 WL 1176417, at *2 (D. Colo. Mar. 30, 2017) (unpublished).

Discovery should continue to be postponed unless and until the Court resolves

Defendants' immunity defenses and determines that the Second Amended Complaint satisfies

Rule 8. Given all of these circumstances, a renewed stay of all discovery is appropriate.

## CONCLUSION

For all of these reasons, Defendants respectfully request that this Court renew the stay of

discovery pending resolution of Defendants' Motion to Dismiss Plaintiffs' Second Amended

Complaint.

Dated: November 8, 2019.

PHILIP J. WEISER
Attorney General

/s/ Natalie Powell
_____

JACQUELYNN RICH FREDERICKS*
First Assistant Attorney General
AMY COLONY*
Senior Assistant Attorney General
NATALIE POWELL*
Senior Assistant Attorney General
Attorneys for Defendants
1300 Broadway, 6th Floor
Denver, Colorado 80203
jacquelynn.richfredericks@coag.gov
amy.colony@coag.gov
natalie.powell@coag.gov
*Counsel of record

CERTIFICATE OF SERVICE

I certify that I served the foregoing DEFENDANTS' UNOPPOSED MOTION FOR RENEWED STAY OF DISCOVERY upon all parties herein by e-filing with the CM/ECF system maintained by the court, this 8th day of November, 2019 addressed as follows:

Igor Raykin, Esq.
Michael Nolt, Esq.
Kishinevsky & Raykin, LLC
2851 South Parker Road, Suite 150
Aurora,          Colorado          80014
igor@coloradolawteam.com
michael@coloradolawteam.com

/s/ Carmen Van Pelt_____